**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GENERAL ELECTRIC PENSION TRUST; GE RSP U.S. EQUITY FUND; GE INSTITUTIONAL FUNDS; GE INVESTMENT FUNDS, INC.; and ELFUN TRUSTS;<br><br>                              Plaintiffs,<br><br>       v.<br><br>AMERICAN INTERNATIONAL GROUP, INC.;<br><br>                              Defendant. | Case No. 15-cv-00957 (LTS) (DCF)<br><br>Oral Argument Requested |

## OPPOSITION TO MOTION TO DISMISS

**ABRAHAM, FRUCHTER & TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, New York 10119
Tel:     (212) 279-5050
Fax:    (212) 279-3655

*Attorneys for General Electric Pension Trust; GE RSP U.S. Equity Fund; GE Institutional Funds; GE Investments Funds, Inc.; and Elfun Trusts*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I.      PLAINTIFFS ADOPT AND INCORPORATE THE
        "OMNIBUS OPPOSITION" .......................................................................................1

II.     STATEMENT OF FACTS AND SUMMARY OF
        ALLEGATIONS..........................................................................................................1

III.    UNDISPUTED CLAIMS ..............................................................................................2

IV.     ADDITIONAL ARGUMENT ........................................................................................2

        A.      Plaintiffs' Claims Were Timely Brought And
                Satisfy Any Arguably Applicable Statute Of Repose .............................................3

                1.      Plaintiffs' Rights Of Action Were Timely Brought
                        Within 5 Years Of The "Violation" .............................................................3

                2.      Plaintiffs' 10(b) Claims Were Brought Within The
                        Statute Of Repose And Cannot Be Extinguished Now
                        That Plaintiffs Have Opted-Out ...................................................................4

        B.      *IndyMac* Does Not Apply To This Proceeding ........................................................7

                1.      *IndyMac* Is Inapposite Because Plaintiffs Are Not
                        Seeking To "Toll" The Statute Of Repose ...................................................8

                2.      *IndyMac* Applies When The Representative Plaintiff
                        Lacked Standing To Bring Class Members' Claims .................................10

                3.      *IndyMac* Is Wrongly Decided ....................................................................11

V.      CONCLUSION............................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Case**                                                                                                    **Page(s)**

*Adams Pub. Sch. Dist. v. Asbestos Corp.,*
    7 F.3d 717 (8th Cir. 1993) ...................................................................................6

*American Pipe & Constr. Co. v. Utah,*
    414 U.S. 538 (1974) .................................................................................3, 4, 9

*Arivella v. Lucent Techs., Inc.,*
    623 F. Supp. 2d 164 (D. Mass. 2009) .................................................................5

*Bensinger v. Denbury Res., Inc.,*
    31 F. Supp. 3d 503 (E.D.N.Y. 2014) ...............................................................10

*Caldwell v. Berlind,*
    54 F. App'x 37 (2d Cir. 2013) ..........................................................................10

*Crown, Cork & Seal Co. v Parker,*
    462 U.S. 345 (1983)............................................................................................5

*Edwards v Boeing Vertol Co.,*
    717 F.2d 761 (3d Cir. 1983)...............................................................................6

*Eisen v. Carlisle & Jacquelin,*
    417 U.S. 156 (1974) ............................................................................................5

*Fulghum v. Embarq Corp.,*
    778 F.3d 1147 (10th Cir. 2015) .........................................................................3

*In re Merck & Co.,*
    2012 U.S. Dist. LEXIS 180707 (D. N.J. Dec. 20, 2012) ...................................5

*In re Morgan Stanley Mortg. Pass-Through Certificates Litig.,*
    23 F. Supp. 3d 203 (S.D.N.Y. 2014)................................................................10

*Int'l Fund Mgmt. S.A. v. Citigroup, Inc.,*
    822 F. Supp. 2d 368 (S.D.N.Y. 2011)..............................................................5, 9

*Joseph v. Wiles,*
    223 F.3d 1155 (10th Cir. 2000) ......................................................................4, 9

*Lampf, Pleva, Lipkin, Prupis & Petigrow v. Gilbertson,*
    501 U.S. 350 (1991)...........................................................................................8

*Maine St. Ret. Sys. v. Countrywide Fin. Corp.,*
    722 F. Supp. 2d 1157 (C.D. Cal. 2010) .............................................................5

*N.J. Carpenters Health Fund v. Residential Capital, LLC*,
  288 F.R.D. 290 (S.D.N.Y. 2013) ........................................................................5

*N.Y. City Employees' Ret. Sys. v. BP P.L.C.*,
  2014 U.S. Dist. LEXIS 138920 (S.D. Tex. Sept. 30, 2014) ...............................5

*P. Stoltz Family P'Ship L.P. v. Daum*,
  355 F.3d 92 (2d Cir. 2004)..................................................................................3

*Plumbers' & Pipefitters' Local #562 Supp. Plan & Trust v. J.P. Morgan Acceptance Corp. I*,
  2011 U.S. Dist. LEXIS 152695 (E.D.N.Y. Dec. 13, 2011) ...............................5

*Police & Fire Ret. Sys. of the City of Detroit v. IndyMac MBS, Inc.*,
  721 F.3d 95 (2d Cir. 2013)........................................................................7, 8, 10

*Prudential Ins. Co. of America v. Bank of America*,
  14 F. Supp. 3d 591 (D. N.J. 2014) .....................................................................5

*Realmonte v. Reeves*,
  169 F.3d 1280 (10th Cir. 1999) .......................................................................5, 6

*Salix Capital U.S. Inc. v. Banc of Am. Sec. LLC*,
  2013 U.S. Dist. LEXIS 181158 (S.D.N.Y. Dec. 30, 2013) ...............................10

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
  559 U.S. 393 (2010)............................................................................................9

*Sibbach v. Wilson & Co.*,
  312 U.S. 1 (1941)................................................................................................9

*Smith v. Bayer Corp.*,
  131 S. Ct. 2368 (2011)........................................................................................9

**Statutes**

15 U.S.C. § 78(j)(b) ......................................................................................................1

17 C.F.R. § 240.10b-5..................................................................................................1

28 U.S.C. § 1658..........................................................................................................3

28 U.S.C. § 2072(b) ..............................................................................................6, 8, 9

Plaintiffs General Electric Pension Trust, GE RSP U.S. Equity Fund, GE Institutional Funds, GE Investments Funds, Inc., and Elfun Trusts (together, the "GE Funds" or "Plaintiffs") respectfully submit this Opposition to Defendant American International Group Inc.'s ("AIG" or "Defendant") Motion to Dismiss filed on March 25, 2015 (Dkt. 21).  Defendant AIG's motion "adopts the arguments in the Memorandum of Law In Support Of Defendants' Joint Omnibus Motion to Dismiss" in the other related opt-out actions (herein, the "Omnibus MTD," Dkt. 21 at 2; Exhibit A to the Declaration of Daniel J. Leffell, Dkt. 20-1).

## I.   PLAINTIFFS ADOPT AND INCORPORATE THE "OMNIBUS OPPOSITION"

As Defendant adopted in its Motion the arguments made in the Omnibus MTD for the sake of efficiency and to avoid needless repetition of argument, for those same reasons Plaintiffs hereby adopt and incorporate the arguments made in Plaintiffs' Omnibus Opposition To Defendants' Joint Omnibus Motion To Dismiss On Timeliness Grounds, as submitted in the related opt-out actions (the "Omnibus Opposition," *see Kuwait Inv. Auth. v. Am. Int'l Group, Inc.*, No. 11-cv-08403-LTS-DCF (S.D.N.Y.), Dkt. 53.).  A copy of the Omnibus Opposition is attached hereto as Exhibit A to the Declaration of Mitchell M.Z. Twersky ("Twersky Decl.").

## II.   STATEMENT OF FACTS AND SUMMARY OF ALLEGATIONS

In this proceeding, Plaintiffs allege rights of action against Defendant for violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5 (herein, "10(b) Claims").  Plaintiffs' 10(b) Claims for relief in this proceeding are the same as were alleged on their behalves in the Consolidated Class Action.[1]   *See* Defendants' Memorandum of Law In Support of Defendant American International Group's Motion To Dismiss, Dkt. 21 at 1 (stating

---

[1] *See In re American International Group, Inc. 2008 Sec. Litig.*, No. 08-CV-4772 (S.D.N.Y.), herein the "Consolidated Class Action."

1

that Plaintiffs' "Complaint is virtually indistinguishable from the Consolidated Class Action Complaint").

The Omnibus Opposition, as incorporated, provides a "SUMMARY OF PLAINTIFFS' ALLEGATIONS" detailing the basis of Plaintiffs' rights of action, as alleged in the Consolidated Class Action and as alleged here in this proceeding. (*See* Omnibus Opposition at 3-11, Twersky Decl. Exh. A).

On October 7, 2014, this Court issued an Order provisionally certifying a Class in the Consolidated Class Action that included Plaintiffs, finding that all of the requirements of Federal Rule of Civil Procedure 23 had been satisfied. On January 5, 2015, Plaintiffs timely submitted requests for exclusion from the Consolidated Class Action Settlement that was preliminary approved by the Court's October 7, 2014 Order. Plaintiffs then filed their opt-out complaint in this proceeding on February 9, 2015 (the "Complaint"). On March 20, 2015, the Court granted final approval to the Consolidated Class Action Settlement, certified a revised settlement Class excluding Plaintiffs, and entered final Judgment dismissing the Consolidated Class Action.

## III.   UNDISPUTED CLAIMS

There is no dispute that Plaintiffs in this proceeding may maintain their 10(b) Claims for violations that occurred after May 26, 2007. Thus, the only question before this Court is whether Plaintiffs may maintain their 10(b) Claims for alleged violations that occurred prior to May 26, 2007.

## IV.   ADDITIONAL ARGUMENT

In addition to the arguments adopted and incorporated from the Omnibus Opposition, Plaintiffs respectfully submit that their claims are timely and cannot be extinguished by any statute of repose for the reasons set forth herein.

2

A.      **Plaintiffs' Claims Were Timely Brought And Satisfy Any**
        <u>**Arguably Applicable Statute Of Repose**</u>

In this proceeding, Plaintiffs are pursuing their 10(b) Claims against Defendant AIG. Under the Exchange Act, a private right of action alleging 10(b) Claims "may be brought not later than the earlier of – (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." 28 U.S.C. § 1658.  To the extent that the Exchange Act imposes a 5-year statute of repose to bring claims, that statute of repose has been satisfied.

Plaintiffs' 10(b) Claims were timely brought before the Court within five years of all alleged violations by virtue of the Consolidated Class Action, in which the representative plaintiffs timely brought rights of action on behalf of a putative class that included Plaintiffs. Following certification of that putative class, Plaintiffs exercised their right to opt-out of the Class and pursue their individual 10(b) Claims – which are the exact same rights of action, related to the exact same securities, as were brought before the Court in the Consolidated Class Action.   Under *American Pipe*[2] and its progeny, the commencement of the Consolidated Class Action prevents Plaintiffs' respective rights of action from being extinguished by any statute of repose.

1.      **Plaintiffs' Rights Of Action Were Timely Brought**
        <u>**Within 5 Years Of The "Violation"**</u>

A statute of repose defines the time allowed to initiate a suit for claims against a defendant. *See P. Stoltz Family P'Ship L.P. v. Daum* ("*Stoltz*"), 355 F.3d 92, 102-103 (2d Cir. 2004) ("… statutes of repose affect the availability of the underlying right: That right is no longer available on the expiration of the specified period of time." (citations omitted)); *see also Fulghum v. Embarq Corp.*, 778 F.3d 1147, 1166 (10th Cir. 2015) ("Statutes of repose are intended to demarcate a period of time within which a plaintiff must bring claims or else the

---

[2] *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).

3

defendant's liability is extinguished.").  Plaintiffs' 10(b) Claims were brought against AIG by virtue of the Consolidated Class Action.  There is no dispute that the Consolidated Class Action was timely brought within any applicable statute of repose.  Because Plaintiffs were members of the putative class in the Consolidated Class Action, their rights of action were brought when the Consolidated Class Action commenced – well within any applicable statute of repose.

> ### 2.     Plaintiffs' 10(b) Claims Were Brought Within The Statute Of Repose And Cannot Be Extinguished Now That Plaintiffs Have Opted-Out

In *Joseph v. Wiles*, 223 F.3d 1155, 1167-68 (10th Cir. 2000), the Tenth Circuit held that a statute of repose does not extinguish the individual claims of putative class members when those claims have been timely brought before the court in a representative class action, even if those claims are individually asserted after the repose period has run.  In *Joseph,* defendants argued that a represented class member plaintiff could not assert his individual claims because the applicable statute of repose had run and could not be tolled under *American Pipe*.  In denying defendants' arguments, the Tenth Circuit found that application of the "*American Pipe* tolling doctrine" in such circumstances "did not involve 'tolling' at all;" but rather, the plaintiff's claims were timely brought within the statue of repose by virtue of the class action.  *Id.* at 1168.

As explained by the Tenth Circuit, the statute of repose was satisfied because the plaintiff had "effectively been a party to an action against defendants since a class action covering him was requested but never denied."  *Id.* (citations omitted).  The statute of repose was satisfied for plaintiff and all other putative class members because defendants were on notice "of the substantive claim as well as the number and generic identities of potential plaintiffs" on whose behalf rights of action had been asserted in the class action.  *Id.; accord American Pipe*, 414 U.S. at 555.

The Tenth Circuit's reasoning and holding has been adopted and followed by several other courts, including in this District.[3]  Indeed, in *Int'l Fund Mgmt. S.A. v. Citigroup, Inc.* – in a circumstance nearly identical to this proceeding – the court followed *Joseph* and applied *American Pipe* to allow a class member who had opted-out of a class action to bring individual claims over defendants' objection that such claims had been extinguished by the applicable statute of repose.  *Citigroup*, 822 F. Supp. 2d at 380-381.   The court held that in such cases where a class member opts-out of a class action, the statute of repose is not being tolled or modified – rather, "in a sense, application of the *American Pipe* tolling doctrine [to the statute of repose] … does not involve 'tolling' at all."  *Id.* at 381.

Accordingly, *Citigroup* held that "the pending class action prevented the statute of repose from extinguishing defendants' potential liability" to the opt-out plaintiffs, and that "liability should not now be extinguished" simply because plaintiffs opted-out of a class action and commenced their own individual lawsuits.  *Id.* at 381.  This holding in *Citigroup* is consistent with the Supreme Court's decisions in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974) and *Crown, Cork & Seal Co. v Parker*, 462 U.S. 345, 351-52 (1983), which found that allowing a limitations period to run while a class action is pending would render Rule 23 and a class member's "right to pursue individual claims meaningless."   *Realmonte v. Reeves*, 169 F.3d 1280, 1284 (10th Cir. 1999).

---

[3] *See, e.g., Int'l Fund Mgmt. S.A. v. Citigroup, Inc.*, 822 F. Supp. 2d 368, 380-381 (S.D.N.Y. 2011); *N.J. Carpenters Health Fund v. Residential Capital, LLC,* 288 F.R.D. 290, 294 (S.D.N.Y. 2013); *Plumbers' & Pipefitters' Local #562 Supp. Plan & Trust v. J.P. Morgan Acceptance Corp. I*, 2011 U.S. Dist. LEXIS 152695, at *16-17 (E.D.N.Y. Dec. 13, 2011); *Prudential Ins. Co. of America v. Bank of America*, 14 F. Supp. 3d 591, 618 (D. N.J. 2014); *In re Merck & Co.*, 2012 U.S. Dist. LEXIS 180707, at *44 (D. N.J. Dec. 20, 2012); *Maine St. Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1166-67 (C.D. Cal. 2010); *Arivella v. Lucent Techs., Inc.*, 623 F. Supp. 2d 164, 177 (D. Mass. 2009); *N.Y. City Employees' Ret. Sys. v. BP P.L.C.*, 2014 U.S. Dist. LEXIS 138920, at *13-14 (S.D. Tex. Sept. 30, 2014).

Indeed, a number of Circuit Courts have relied on *Eisen* and *Crown, Cork* to find that the *American Pipe* doctrine applies equally to class members who opt-out of a certified class as it does to class members who are no longer participating in a class action due to an adverse class certification decision.  *See, e.g., Realmonte*, 169 F.3d at 1284 ("we hold that the fact that [plaintiff's] participation in the class action terminated with a decision to opt out of a certified class rather than with the denial of class certification is irrelevant to the applicability of the *American Pipe* tolling rule"); *Adams Pub. Sch. Dist. v. Asbestos Corp.*, 7 F.3d 717, 718 n.1 (8th Cir. 1993) ("The fact that [plaintiff's] participation ended with a decision to 'opt out' rather than with denial of class certification is irrelevant to applicability of the *American Pipe* rule"); *Edwards v Boeing Vertol Co.*, 717 F.2d 761, 766 (3d Cir. 1983) (finding a distinction between opting-out of certified class and class certification being denied "would make no sense" in terms of *American Pipe*, and that reliance on the pendency of a certified class action "is more reasonable" than relying on an uncertified class).

Here, there is no dispute that Plaintiffs' rights of action were part of putative class being represented in the Consolidated Class Action that was provisionally certified by the Court on October 7, 2014.  Plaintiffs thereafter opted-out of that certified Class and continued with the prosecution of their 10(b) Claims with the filing of their opt-out Complaint.  As in *Joseph* and *Citigroup*, Plaintiffs' 10(b) Claims are not extinguished by any statute of repose because they are "the same claims" in connection with the "same securities" as timely brought in the Consolidated Class Action.  Accordingly, the statute of repose is satisfied, and does not need to be "tolled." As set forth below, Plaintiffs are not seeking to "toll" a statute of repose or modify or abridge Defendant's substantive rights, and thus the Rules Enabling Act, 28 U.S.C. § 2072(b), is not being encroached.

6

### B.      *IndyMac* Does Not Apply To This Proceeding

Defendant's argument that a portion of Plaintiffs' 10(b) Claims are time-barred by an applicable 5-year statute of repose is wholly dependent on application of the Second Circuit's decision in *Police & Fire Ret. Sys. of the City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013) (herein, "*IndyMac*").  *IndyMac*, however, does not apply to Plaintiffs' 10(b) Claims.

In *IndyMac*, members of a putative class sought to intervene as named plaintiffs in order to revive claims that were dismissed for want of jurisdiction based on the initial representative's lack of standing to assert those claims.   The district court held that because the sole representative plaintiff lacked standing, the intervening class members' rights of action were not before the court by virtue of the representative class action.  *Id.* As a result, the claims of the intervenors were untimely, having been extinguished by the applicable statute of repose.   On appeal, the intervenors argued that their claims were timely, either because (1) the statute of repose was tolled under *American Pipe*; or (2) their claims related-back to the commencement of the representative class action.  *Id.*

The Second Circuit rejected the intervenors' arguments, holding: (1) *American Pipe*'s tolling rule does not apply to the three-year statute of repose in Section 13 of the Securities Act of 1933; and (2) absent circumstances that would render newly asserted claims independently timely, neither Federal Rule of Civil Procedure 24 nor the Rule 15(c) "relation back" doctrine permits members of a putative class, who are not named parties, to intervene in the class action as named parties in order to revive claims that were dismissed from the class for want of jurisdiction.  *Id.* at 100-01.

Neither of *IndyMac*'s two holdings is applicable here, as Plaintiffs are not seeking to extend the statute of repose to bring new claims; nor are they trying to bring "new" claims or revive claims that were not previously before the court due to a lack of standing.

### 1.   *IndyMac* Is Inapposite Because Plaintiffs Are Not Seeking To "Toll" The Statute Of Repose

In *IndyMac*, the Second Circuit held that the *American Pipe* tolling doctrine could not apply to the statute of repose, regardless of whether such tolling should be classified as "equitable" or "legal" tolling. *Id.* at 109. As stated in *IndyMac*, "equitable" tolling of the statute of repose is barred by the Supreme Court's decision in *Lampf, Pleva, Lipkin, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991). *See IndyMac*, 414 U.S. at 109. And, according to *IndyMac*, "legal" tolling is barred under the Rules Enabling Act, 28 U.S.C. § 2072(b), to the extent such tolling extends an applicable statute of repose. *See IndyMac*, 414 U.S. at 109.

In this case, as set forth above (*supra*, §IV.A), Plaintiffs are not seeking to "toll" or "extend" a statute of repose. Rather, Plaintiffs' assert that their rights of action were timely brought before the court within 5 years of all alleged violations by virtue of the representative Consolidated Class Action. Because this rule of law is established in *American Pipe*, it is often referred to and encompassed by the "*American Pipe* tolling doctrine;" in essence, however, as explained in *Joseph* and *Citigroup* (and a host of other cases, *see, supra,* fn. 3), its application does not involve any "tolling" at all. In contrast, the intervenors in *IndyMac* were seeking to toll or extend the statute of repose to file "new" claims because they could not assert that their rights of action were already brought through the representative action. *See IndyMac*, 414 U.S. at 111, n. 21, 22 (citing cases that there can be no class action when the representative plaintiff lacks standing because federal jurisdiction never attaches).

Furthermore, in this circumstance, application of the *American Pipe* tolling doctrine – which, again, is not really "tolling," particularly in the context of a certified class action as exists here – does not modify Defendant's substantive rights or otherwise encroach upon the Rules Enabling Act. As explained in *Citigroup*, the statute of repose does not extinguish the individual

claims of a putative class member when that class member opts-out and files "the same claims" in connection with "the same securities" in an opt-out proceeding. *Citigroup*, 822 F. Supp. 2d at 380-81. This is because the scope of Defendant's liability is now the same as it was when the Consolidated Class Action was filed. *See American Pipe*, 414 U.S. at 555 (a representative class action "notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs"); *accord Citigroup*, 822 F. Supp. 2d at 380-81 (quoting *Joseph*, 223 F.3d at 1168).

As set forth in the Omnibus Opposition, applying the *American Pipe* doctrine to allow Plaintiffs' rights of action to proceed in this proceeding, where Plaintiffs' same rights of action were timely brought in the representative Consolidated Class Action, would not violate the Rules Enabling Act, 28 U.S.C. § 2072(b), but rather merely "regulate procedure" under the standard articulated by the Supreme Court in *Sibbach v. Wilson & Co.,* 312 U.S. 1, 14 (1941) and the plurality in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010). *See* Omnibus Opposition at 24-25, Twersky Decl. Exh. A. Under *American Pipe* and its progeny, Rule 23 provides that as a matter of procedure the rights of action of non-named class members are deemed to have been brought as of the filing of a class action complaint that asserts claims on their behalf. *See American Pipe*, 414 U.S. at 551 ("Thus, the commencement of the [class] action satisfied the purpose of the limitation provision as to all those who might subsequently participate in the suit as well as for all named plaintiffs."); *see also Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2380 n. 10 (2011) (finding that *American Pipe* demonstrates that "a person not a party to a class suit may receive certain benefits … related to that proceeding").

2. ***IndyMac* Applies When The Representative Plaintiff
<u>Lacked Standing To Bring Class Members' Claims</u>**

*IndyMac* does not disrupt *American Pipe*'s holding that class members' rights of action are deemed to be brought at the filing of a representative class action.  Rather, *IndyMac* deals with those instances where the claims at issue were not asserted by a class representative with standing.  In fact, the Second Circuit stated explicitly that its *IndyMac* decision "**<u>implicates only those claims and defendants as to which [the representative plaintiff] would lack standing</u>**." *IndyMac*, 721 F.3d at 111, n.19 (emphasis added).

The "*IndyMac*" cases cited by Defendant (as incorporated from the Omnibus MTD) support this distinction.  For example, in *In re Morgan Stanley Mortg. Pass-Through Cert. Litig.*, 23 F. Supp. 3d 203, 207 (S.D.N.Y. 2014), this Court applied *IndyMac* to deny intervening class members from adding new claims for which the initial representative lacked standing.   In *Caldwell v. Berlind*, 54 F. App'x 37, 39-40 (2d Cir. 2013), the Second Circuit applied *IndyMac* to dismiss new claims brought in an amended complaint after the repose period.  In *Salix Capital U.S. Inc. v. Banc of Am. Sec. LLC*, 2013 U.S. Dist. LEXIS 181158, at *36, n.12 (S.D.N.Y. Dec. 30, 2013), plaintiffs conceded that *IndyMac* precluded them from bringing new claims unless *IndyMac* was to be "reversed by the Supreme Court."  And, in *Bensinger v. Denbury Res., Inc.,* 31 F. Supp. 3d 503, 510-11 (E.D.N.Y. 2014), the court applied *IndyMac* to prevent a class action plaintiff from adding a new claim after the statue of repose period had expired.

In this case, the representative plaintiff in the Consolidated Class Action had standing to assert Plaintiffs' rights of action – the exact same rights of action as alleged here – and it did, well within any applicable statute of repose.

10

**3.**    *IndyMac* **Is Wrongly Decided**

To the extent that this Court finds that Plaintiffs' claims in this proceeding are untimely and have been extinguished by an applicable statue of repose under *IndyMac*, Plaintiffs assert that *IndyMac* has been wrongly decided and conflicts with well-settled U.S. Supreme Court precedent as set forth herein and in the Omnibus Opposition incorporated herein by reference. Plaintiffs hereby preserve such arguments for appeal.

**V.    CONCLUSION**

Defendant's motion to dismiss should be denied.

Dated: May 7, 2015                    Respectfully submitted,

                                  /s/ *Mitchell M.Z. Twersky*

ABRAHAM, FRUCHTER & TWERSKY, LLP
Mitchell M.Z. Twersky (MT-6739)
Jack Fruchter (JF-8435)
Atara Hirsch (AH-6771)
One Penn Plaza, Suite 2805
New York, New York 10119
Tel:    (212) 279-5050
Fax:    (212) 279-3655
*mtwersky@aftlaw.com*
*jfruchter@aftlaw.com*
*ahirsch@aftlaw.com*

                    and

Ian D. Berg (admitted *pro hac vice*)
Takeo A. Kellar (admitted *pro hac vice*)
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 792-3448
Fax:    (858) 792-3449
*iberg@aftlaw.com*
*tkellar@aftlaw.com*

*Attorneys for General Electric Pension Trust; GE RSP U.S. Equity Fund; GE Institutional Funds; GE Investments Funds, Inc.; and Elfun Trusts*